UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IBRAHIM ALMIMEH, et al,<br><br>Plaintiffs,<br><br>v.<br><br>AJA PACK HOLDINGS, INC, f/k/a PELLA SOLUTIONS, INC., JOSHUA MARX, and ALEX KLEIN,<br><br>Defendants. | 26-cv-5919(JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendants' motion to redact certain details from plaintiffs' Complaint and to direct plaintiffs to refile the unredacted complaint under seal. See ECF No. 9. The motion was fully briefed on August 17, 2026. See ECF Nos. 9-1, 11 & 15. After carefully considering the parties' submissions, the Court denies defendants' motion.

Plaintiffs, Ibrahim Almimeh and several entities associated with him, assert a series of claims against defendants AJA Pack Holdings ("AJA Pack"), Joshua Marx, and Alex Klein, arising from defendants' purchase of plaintiffs' dog daycare business. See ECF No. 1 ("Compl."). Plaintiffs' claims include securities fraud, fraudulent inducement, breach of contract, lack of mutual assent, unjust enrichment, and breach of covenant of good faith and fair dealing. See id. ¶¶ 98-144. As alleged, plaintiffs sold

their business to defendants for what was represented to be over six million dollars in cash, common stock, and stock options in defendant AJA Pack. See id. ¶¶ 30-97. They allege that defendants misrepresented the value of the stock options and the exercise mechanism for those options, resulting in the total value of the compensation paid by defendants ultimately being over two million dollars less than what the parties agreed to. Id.

Defendants bring the instant motion seeking to redact certain business details contained in the Complaint. Specifically, they ask the Court to order the following information redacted: "(i) the specific numerical dollar figures; (ii) option counts; (iii) names of prospective or potential participants in other transactions." ECF No. 9-1, at 6 ("Defs. Mot."). In the main, defendants argue that "specific dollar figures, per-share/per-option prices and option counts, compensation and potential acquisition participant names" must be redacted in order to avoid significant competitive harm to defendants' business interests. Id. at 5-6. For the reasons that follow, the Court disagrees.

As both parties agree, a complaint is a judicial document subject to a presumptive public right of access under both the

common law and the First Amendment.[1] See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140-41 (2d Cir. 2016). Thus, the dispositive question is whether the Court may order portions of the Complaint redacted notwithstanding those twin presumptions.

With respect to the common law right of access, the Court must "determine the weight of [the common law] presumption by looking to the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Akhavan, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021). Having done so, the Court must then "balance competing considerations against the presumption of public access." Id.

However, the First Amendment presumption of access is more stringent. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). "[T]he Court may only seal [the Complaint] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Akhavan, 532 F. Supp. 3d at 185. And relevant here, the Second Circuit has cautioned that "[b]road and general findings" are insufficient to justify

[1] Except where otherwise indicated, all quotations in this Opinion omit citations, quotation marks, footnotes, brackets, ellipses, and other non-substantive alterations in source material.

sealing of documents subject to the First Amendment right of access. Lugosch, 435 F.3d at 120.

Because defendants "concede that the common law presumption of access and First Amendment protections apply here, they, as the moving party, have the burden to establish, through competent evidence, that [the Complaint] excerpts reveal trade secrets or other confidential business information, the disclosure of which would cause clearly defined and serious harm." In re Document Techs. Litig., 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017). Although such a showing can "be made in the form of affidavits," id., "entirely conclusory statement[s]," whether advanced in a parties' moving papers or in an affidavit, are insufficient to justify sealing, id. at 748.

Here, defendants filed an affidavit prepared by defendant Klein — CEO of AJA Pack — broadly asserting that the Complaint reveals closely held and confidential information about how AJA Pack prices, negotiates, and structures acquisitions. See ECF No.9-2 ("Klein Affidavit"). Defendants refer to this information as AJA Pack's "internal deal economics," id. ¶ 11, and state that "[i]n the short time since the filing of the Complaint, competitors have used the disclosed pricing figures against AJA Pack Holdings in negotiations for other potential acquisitions," id. ¶ 12. This risk of continued competitive harm, defendants

urge, justifies targeted redactions of certain details within the Complaint.

These assertions are insufficient to justify sealing essential elements of the Complaint. The information defendants seek to seal almost exclusively concerns the pricing and structure of one specific deal – the acquisition of plaintiffs' business. It is not clear how publication of this information reveals AJA Pack's "proprietary pricing model," id. ¶ 8, or risks disclosing its "internal deal economics," id. ¶ 11, whatever that term may mean. In other words, the Court finds that, far from being "clearly defined and serious," In re Document Techs. Litig., 282 F. Supp. 3d 747, the harm defendants proffer is speculative and, in the form expressed, entirely conclusory.

On the other side of the ledger, as defendants concede, the Complaint is a "foundational document" and is therefore subject to an "especially strong" presumption of public access. See Defs. Mot. At 8. Moreover, the details defendants seek to redact are central to the claims in this case. As alleged in the Complaint, the essence of plaintiffs' lawsuit is that defendants fraudulently misrepresented share values and option mechanisms, resulting in plaintiffs selling their business for below the agreed-upon price. See Compl. ¶ 3. Details concerning share prices and option mechanisms are at the heart of these

allegations. Redacting these details imposes a significant burden on the right of public access guaranteed by both the First Amendment and common law.

Thus, the Court concludes that defendants have not met their burden to establish that sealing and redaction of the Complaint is warranted. Defendants' motion is denied and the Clerk of Court is respectfully directed to close the docket entry at ECF No. 9.

SO ORDERED.

New York, NY
September 14, 2026

JED S. RAKOFF, U.S.D.J.